### BAIRD v. NEW YORK CENTRAL R. CO.
### No. 5241.

Circuit Court of Appeals, Third Circuit.
June 28, 1934.

Robert H. Doherty, of Jersey City, N. J. (George S. Hobart, of Newark, N. J., of counsel), for appellant.

Edward J. O'Mara, of Jersey City, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case Mrs. Fannie Baird, administratrix of her husband, Robert Baird, hereafter called decedent, brought suit against the New York Central Railroad Company, hereafter called carrier, to recover damages suffered by her in the death of her husband, caused, as she averred, by reason of the alleged negligence of the carrier while decedent was a passenger on its line. After hearing the proofs submitted by plaintiff, the court below granted a compulsory nonsuit. Thereupon this appeal was taken. After a study of the proofs, we are satisfied the trial judge committed no error in so doing..

The proofs show the decedent, a passenger on carrier's local train, was safely carried to and delivered at its passenger station at Bergenfield. He lived on the opposite side of the tracks, and the carrier provided a subway, by taking which he could safely pass under the car tracks. At the end of the station was Church avenue, a public, municipal highway which crossed the tracks, and decedent, instead of taking the subway, left the station property and sought to pass on the street crossing. When he did so, the crossing gates were down and the warning gong sounding. In that regard a witness for plaintiff, who came to the station to meet his brother who was on the local train, testified that, while it stopped, the express train, which struck the decedent, passed on an adjoining track at the rate of fifty miles an hour. His testimony was:

"Q. While the local train was standing there, did you notice if the crossing bell was ringing? A. It was.

"Q. It was ringing and you could and did hear it? A. Yes."

The only witness of the accident testified:

"Q. You saw Mr. Baird struck? A. Yes.

"Q. Will you tell us with reference to the north and south line of Church Avenue where Mr. Baird was when he was struck? On what part of the highway was he? A. He was right in the roadway."

Moreover, when the local train stood at the station, it was raining, and the engine, which "was right up against the crossing," was "letting off steam," and had blown a signal to start.

In view of these proofs, it is clear that, when the decedent left the station platform and went on the street, he ceased to be a railroad passenger and became a highway pedestrian. It is also clear that the crossing gates were down and the crossing gong sounding. It is also clear the local train engine was blowing steam and was about to start. It is likewise clear that, in addition to danger from the starting of his own train, decedent was subjected to the further danger of crossing several tracks where trains were likely to pass in both directions. In view of these facts, it is clear to us that, in attempting to chance the crossing, the decedent was guilty of contributory negligence, and himself brought about his unfortunate and needless death.

Accordingly, the judgment below is affirmed.